**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMRAN H., | No. 1:25-cv-01710 JLT SAB (HC) |
| Petitioner, | ORDER FOR SUPPLEMENTAL BRIEFING |
| v. | (Docs. 1, 4, 15) |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner, a citizen and national of Bangladesh who is presently in immigration detention, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2026, the magistrate judge issued findings and recommendations recommending that the Petition be granted, Petitioner's application for asylum and withholding of removal be dismissed, and Respondents be directed to provide Petitioner with a bond hearing before an immigration judge. (Doc. 15.) Respondents filed timely objections, and Petitioner filed a reply. (Docs. 16, 17.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court has

1

determined it requires additional briefing to resolve the matter.

It appears to be undisputed that Petitioner is subject to a final order of removal and that there are no legal impediments to his removal (*see* Docs. 15 at 1, 16 at 1, 17 at 1), other than this Court's own stay (*see* Doc. 13). Thus, the detention authority presently applicable to Petitioner is 8 U.S.C. § 1231(a), notwithstanding the fact that Respondents do not mention § 1231(a) in their objections. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197–98 (9th Cir. 2022) (surveying the various statutory provisions that address detention while removability is determined, including 8 U.S.C. §§ 1225 and 1226, and noting that "[o]nce [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)"). The magistrate judge provided a concise, general summary of the relevant authorities, ending with this passage:

> Following *Jennings*, the Ninth Circuit upheld the "construction of § 1231(a)(6) to require a bond hearing before an IJ after six months of detention for an alien whose release or removal is not imminent" with the government "bear[ing] a clear and convincing burden of proof at such a bond hearing to justify an alien's continued detention." *Aleman Gonzalez v. Barr*, 955 F.3d 762, 766 (9th Cir. 2020). The Supreme Court reversed on other grounds, *Garland v. Aleman Gonzalez*, 596 U.S. 543, 546 (2022), and "[i]n a companion case decided that same day arising from the Third Circuit, *Johnson v. Arteaga-Martinez*, [596] U.S. [573] (2022), the Supreme Court separately rejected [the Ninth Circuit's] statutory interpretation in Aleman Gonzalez," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022), holding that "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence that a detained noncitizen poses a flight risk or a danger to the community," *Arteaga-Martinez,* 596 U.S. at 581. *Arteaga-Martinez* declined to reach the constitutional claims. *Id.* at 583. "[A]fter the Supreme Court's decisions in *Jennings* and *Arteaga-Martinez*, it remains undetermined whether the Due Process Clause requires additional bond procedures under" 8 U.S.C. § 1231(a). *Rodriguez Diaz*, 53 F.4th at 1201.

(Doc. 15 at 7.)

On February 5, 2026, Petitioner requested emergency relief from this Court, indicating Respondents planned to remove him to a third country on February 20, 2026. (Doc. 12.) For this

reason, as the findings and recommendations explain, the Petition "does not raise a claim that Petitioner is entitled to release pursuant *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]. Even if the Court were to construe such a claim, it does not appear Petitioner that would be entitled to relief because 'Petitioner has been informed that DHS intends to remove him to a third country on the February 20, 2026' and thus, Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future." (Doc. 15 at 7 n.5.) Therefore, the Petition only advances a "prolonged detention" claim.

However, in this context (i.e., where the Petitioner has a final order of removal), a prolonged detention claim cannot be decided without simultaneously considering imminence of removal. This is because evidence of imminent removal precludes a habeas court from ordering a bond hearing. In *Aleman Gonzalez*, as part of an intricate analysis of Supreme Court and Ninth Circuit authorities related to bond hearings after prolonged periods of detention, the Ninth Circuit reiterated that its own prior holdings requiring bond hearings for § 1231(a)(6) detainees did not apply "if an alien's release or removal is imminent. 955 F.3d at 784 (*comparing Zadvydas*, 533 U.S. at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.") *with Diouf v. Napolitano*, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011) ("If the 180–day threshold has been crossed, but the alien's release or removal is imminent, DHS is not required to conduct a 180–day review, *see* 8 C.F.R. § 241.4(k)(3), and neither should the government be required to afford the alien a hearing before an immigration judge. As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.").

Respondents did not mention Petitioner's assertion regarding third country removal in their objections, which remain the only substantive filing they have submitted in this action. Thus, the Court **ORDERS**:

    1.    Within seven days of the date of this order, Respondents **SHALL** file a supplemental brief detailing the steps they have taken, if any, to plan for Petitioner's third country removal and/or to give him notice thereof.

2. Within seven days of Respondents' filing, Petitioner may file a response.

IT IS SO ORDERED.

Dated: __**March 13, 2026**__

UNITED STATES DISTRICT JUDGE