**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMRAN H., | No. 1:25-cv-01710 JLT SAB (HC) |
| Petitioner, | ORDER DENYING HABEAS PETITION AND LIFTING NO REMOVAL ORDER |
| v. | (Docs. 1, 4, 15) |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is a citizen and national of Bangladesh who is being held in immigration detention, He is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 10, 2026, the magistrate judge issued findings and recommendations to grant the Petition, dismiss Petitioner's application for asylum and withholding of removal, and order Respondents to provide Petitioner with a bond hearing before an immigration judge. (Doc. 15.)

On March 13, 2026, the Court issued an order for supplemental briefing, explaining that (1) the Petition only advances a prolonged detention claim[1] and (2) where, as is the case here, a detainee has a final order of removal, a prolonged detention claim cannot be decided without

---

[1] Petitioner has not advanced any claim premised upon regulations pertaining to the re-detention of individuals with final orders of removal.

1

simultaneously considering imminence of removal because evidence of imminent removal precludes a habeas court from ordering a bond hearing. (Doc. 18 at 3, citing *Aleman Gonzalez v. Barr*, 955 F.3d 762, 784 (9th Cir. 2020), *rev'd on other grounds, Garland v. Aleman Gonzalez*, 596 U.S. 543, 546 (2022).)

On May 14, 2026, Respondents submitted updated information demonstrating they possess travel documents to remove Petitioner to Bangladesh, which are valid until mid-August 2026. (Doc. 22.) Respondents argue the Petition should be denied and that they should be permitted to remove Petitioner. (*Id.*)

In reply, Petitioner, through counsel, still argues for immediate release with appropriate conditions. (Doc. 24.) Petitioner does not dispute that 8 U.S.C. § 1231(a) governs his continued detention and that, as *Aleman Gonzalez* indicates, caselaw construing § 1231(a)(6) to require a bond hearing "does not apply if an alien's release or removal is imminent." *Aleman Gonzalez*, 955 F.3d at 785. Instead, Petitioner contends that Respondents have not met their burden to demonstrate imminent removal because: (a) Respondents failed to remove Petitioner within the presumptively reasonable detention period; (b) though Respondents did obtain a travel document on January 30, 2026, "[r]emoval nevertheless did not occur" before the travel document expired; and (c) Respondents' possession of a newly renewed travel document does not demonstrate that removal is in fact reasonably foreseeable. (Doc. 24 at 2.)

Petitioner's arguments are not persuasive. First, though the length of detention is relevant to the *Zadvydas* analysis, passage of six months does not result in automatic release. As the Supreme Court explained:

> After [the presumptively reasonable] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Second, as the Court explained in its May 7, 2026 order, this Court's own order stood in the way of Petitioner's removal pursuant to the travel document Respondents obtained on January 30, 2026. (Doc. 21 at 2.) Finally, Respondents' current possession of a valid travel document (*see* Doc. 22-1) combined with the unrebutted record evidence that Respondents can arrange for a commercial flight to remove Petitioner in the reasonably foreseeable future (*see* Doc. 19-1, ¶ 8), is sufficient to meet their burden to demonstrate imminent removal. *See, e.g., Li v. Bondi*, No. CV 25-17139 (KMW), 2026 WL 25821, at *2 (D.N.J. Jan. 5, 2026) (where respondents produced evidence of a valid travel document and represent they are prepared to effectuate removal imminently, and petitioner offered no evidence suggesting removal is unlikely or is likely to be delayed, respondents have met their burden under *Zadvydas*); *Khakhn v. Stewart*, No. 09-CV-097-TCK-PJC, 2010 WL 1325584, at *1 (N.D. Okla. Mar. 31, 2010) ("Because a valid travel document has been issued for petitioner, [ ], his deportation is now more than reasonably foreseeable, it is imminent."),. This is so even considering *Zadvydas*' indication that "what counts as the 'reasonably foreseeable future' [has] shr[unk]" given the length of Petitioner's detention thus far. Thus, the Court is unable to grant relief and the Petition is **DENIED**.

In addition, Petitioner's separate application for asylum and withholding of removal is **DISMISSED**. As explained in the magistrate judges' findings and recommendations (*see* Doc. 15 at 2–3), this Court lacks jurisdiction to address that request.

**CONCLUSION AND ORDER**

For the reasons set forth above:

1.  The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), is **DENIED**.

2.  Petitioner's application for asylum and withholding of removal (Doc. 4) is **DISMISSED**.

3.  The clerk of court is directed to **TERMINATE** the February 10, 2026 findings and recommendations as **MOOT**.

4.  This Court's prior order precluding Respondents from transferring or removing

3

Petitioner is **LIFTED**.

5.      The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:    **May 28, 2026**

_____
UNITED STATES DISTRICT JUDGE

4